IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL SHUNATONA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:16−CV−01694 |
| | § | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## RESPONSE IN OPPOSITION TO MOTION TO REMAND

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") hereby files this Response in Opposition to Plaintiff Paul Shunatona's Motions for Leave to Amend, Dismiss Claim, Enter Stipulation, Abate and Vacate Orders and Remand to State Court and Brief in Support Thereof (Doc No. 15) (collectively, the "Motion to Remand"), and respectfully shows the Court as follows:

I.
**INTRODUCTION**

The Motion to Remand lacks merit and should be denied. This Court has subject matter jurisdiction over the claims asserted in this action based on diversity jurisdiction under 28 U.S.C. § 1332. There is complete diversity among the parties and the amount in controversy exceeds $75,000. Plaintiff has not presented any credible challenge to this Court's subject matter jurisdiction over this action that would warrant remand. Instead, Plaintiff is seeking to amend his Petition and dismiss his claim for unlawful foreclosure in order to remand the case to state court.

## II.
## BACKGROUND

On May 16, 2016, Plaintiff filed his Original Petition and Request for Disclosure (the "Petition") in the 191st Judicial District Court of Dallas County, Texas, in an action styled: *Paul Shunatona v. Wells Fargo Bank, N.A.,* Cause No. DC-16-05814 (the "State Court Action"). In the Petition, Plaintiff seeks declaratory relief that he is the owner of the property located at 11215 Sesame St., Dallas, Texas 75238 (the "Property"), that the foreclosure conducted by Defendant was unlawful, a determination that Plaintiff is the rightful owner of insurance proceeds, and damages in the event Plaintiff's claim to the insurance proceeds lapses. See Petition at ¶¶ 5-13. On June 22, 2016, Wells Fargo properly removed the State Court Action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. *See* Doc. 1. Subsequently, on August 4, 2016, Plaintiff filed his Motion to Remand, wherein he seeks to amend his Petition, dismiss his claim for unlawful foreclosure and quiet title, stipulate that he is seeking damages in an amount less than $75,000, and have the lawsuit remanded to state court. As demonstrated herein, the Motion to Remand the lawsuit back to the state court should be denied.

## III.
## ARGUMENT AND AUTHORITIES

First, in determining whether to remand this matter, this Court should review the Complaint for federal jurisdiction at the time of removal. Second, this Court should not remand this case to state court and tolerate Plaintiff's transparent ploy at forum manipulation.

A.  **This Court Has Diversity Jurisdiction and Should Consider Subject Matter Jurisdiction at the Time of Removal.**

Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See*

28 U.S.C. §§ 1332(a), 1441(a).  Plaintiff does not dispute that the parties are diverse.  Plaintiff does not dispute that the amount in controversy exceeds $75,000.  This case was properly removed to this Court.  *See generally* Notice of Removal (Doc No. 1).  However, Plaintiff is now attempting to amend his Petition "to eliminate this court's diversity jurisdiction."  *See* Motion to Remand at page 1.  Plaintiff is also "willing to stipulate that he will not under his claim…seek damages in excess of $75,000.  *Id.* at page 4.

However, once federal jurisdiction is established, a Plaintiff's acts subsequent to removal do not destroy federal jurisdiction.  The facts supporting removal are judged at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).  Thus, once the jurisdiction of a federal court is established, subsequent acts that reduce the amount in controversy to less than that required for federal jurisdiction do not divest the federal court of jurisdiction.  *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-94 (1938); *Gebbia*, 233 F.3d at 883 (5th Cir. 2000); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  As the Supreme Court noted in *St. Paul Mercury Indem. Co.*, "though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." 303 U.S. at 292, 58 S.Ct. 586.   For example, in *Allen*, after the defendant removed the case to Federal Court based on diversity jurisdiction, the plaintiffs filed a motion to remand.  63 F.3d at 1329.  Plaintiffs also sought to amend their complaint to "clarify" that the amount in controversy was less than the amount required for federal jurisdiction.  *Id*.  The United States Court of Appeals for the Fifth Circuit held that Plaintiffs attempt to amend their complaint to "clarify" that the amount in controversy was less than the amount required for federal jurisdiction was without merit because subsequent amendments to a complaint reducing the amount in controversy could not destroy federal jurisdiction.  *Id*. at 1336.  *See also Cavallini v. State Farm*

*Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995) (stating that "a complaint amended post-removal cannot divest a federal court of jurisdiction"). Furthermore, even stipulations to seeking damages in an amount less than the $75,000 amount in controversy requirement are not effective when made post-removal. *Gebbia*, 233 F.3d at 882-83 (holding that Plaintiff's affidavit stipulating that damages were less than the jurisdictional requirement attached to a motion to remand did not affect Federal Jurisdiction).

In this case, Plaintiff is attempting to "destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute" by dropping his title and foreclosure claim and moving to remand this matter from federal court to state court. Plaintiff's title and foreclosure claim places the value of the Property at issue for damages and removal purposes. *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341 (5th Cir. 2013). Because the fair market value of the Property is 350,100, the amount in controversy requirement is satisfied. *See* Notice of Removal at ¶ 15 (Doc No. 1). By dismissing his title and foreclosure claim, Plaintiff's remaining claims in his First Amended Complaint would be solely for the recovery of the insurance checks, totaling approximately $35,000. *See* First Amended Complaint at ¶¶ 3 and 6, attached to Motion to Remand. Because this attempt to thwart the Court's jurisdiction is not permitted under the law, this Court should deny Plaintiff's motion to remand.

B.     **Plaintiff is Forum Shopping.**

"[T]he plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction." *Mayer v. Lamarque Ford, Inc*., No. CIV. A. 00-1325, 2000 WL 863127, at *3 (E.D. La. June 27, 2000) (*quoting In re Carter,* 618 F.2d 1093, 1101 (5th Cir. 1980)). The Fifth Circuit has expressed disapproval of attempts to forum shop. *Burks v. Amerada Hess Corp.,* 8 F.3d 301, 306 (5th Cir. 1993); *Baris v. Sulpicio Lines, Inc.,* 74 F.3d 567, 574 (5th Cir. 1996) (finding "plaintiffs' manipulation of fora ... deplorable.")

Both the United States Supreme Court and the Fifth Circuit have counseled against allowing a plaintiff to manipulate the forum when removal has been proper. *Id*.; *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 357. "[C]ourts should consider whether the plaintiff has 'attempted to manipulate the forum' in which his case will be heard 'simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case,' and should guard against such manipulation by denying motions to remand where appropriate." *Brown v. S.W. Bell Tel. Co*., 901 F.2d 1250, 1255 (5th Cir. 1990) (*quoting Cohill,* 484 U.S. at 357). One Fifth Circuit district court summed up the idea nicely, holding simply that "naked attempt[s] at forum manipulation should not be allowed." *Guillot v. Bellsouth Telecomms., Inc*., 923 F. Supp. 112, 114 (W.D. La. 1996).

In *Sanders v. General Motors,* this Court held that an attempt to amend the complaint to include a new in-state defendant to prevent federal court jurisdiction was unacceptable. No. 3:01-CV-1579-M, 2001 WL 1297443, at *3 (N.D. Tex. October 10, 2001). In refusing to remand, this Court held that "[j]urisdiction is not so malleable that Plaintiffs can creatively forum shop through manipulation of the rules. This kind of strained approach to the federal rules is unacceptable." *Id*.; *see also Allen* 63 F.3d at 1336; *Brown*, 901 at 1255 (holding that "it is apparent that by dropping his admittedly preempted claims and moving for a remand, Brown attempted to engage in precisely the sort of forum manipulation proscribed by *Carnegie-Mellon*").

The current motion to remand is nothing more than a "naked attempt at forum manipulation" – precisely the type of abuse that the Fifth Circuit will not countenance. *Guillot,* 923 F. Supp. at 114; *Baris,* 74 F.3d at 574. Plaintiff should not be allowed to abuse the judicial system or the rules of procedure in this manner. Accordingly, this Court should deny Plaintiff's Motion to Remand.

## IV.
## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED** Based on the foregoing, Wells Fargo respectfully requests that the Court deny the Motion to Remand, retain its subject matter jurisdiction over this action, and grant Wells Fargo all such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

 /s/   Jason A. LeBoeuf
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Jason A. LeBoeuf**
  State Bar No. 24032662
  Jason.leboeuf@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following party or counsel of record *via the Court's CM/ECF system and/or certified mail, return receipt requested* pursuant to the Federal Rules of Civil Procedure on this 6th day of September, 2016:

Paul R. Shunatona
5657 Amesbury #1307
Dallas, Texas 75206
paul@shunatona.com

Eugene Zemp Dubose
Post Office Box 141476
Irving, Texas 75014
gene@duboselegalgroup.com

                                                   /s/   Jason A. LeBoeuf
                                                 Counsel for Defendant