IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL SHUNATONA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1694-M-BN |
| | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Plaintiff Paul Shunatona ("Shunatona" or "Plaintiff") has filed a combined Motions for Leave to Amend, Dismiss Claim, Enter Stipulation, Abate and Vacate Orders, and Remand to State Court. *See* Dkt. No. 15. Defendants Wells Fargo Bank, National Association ("Wells Fargo" or "Defendant"), filed a response, *see* Dkt. No. 20, and Shunatona filed a reply, *see* Dkt. No. 21.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court grant the Motions for Leave to Amend, Dismiss Claim, and Enter Stipulation and deny the Motions to Abate and Vacate Orders and Remand to State Court.

-1-

## Background

Shunatona filed this case against Wells Fargo in Dallas County state court on May 16, 2016. *See* Dkt. No. 1-5. Plaintiff's Original Petition and Request for Disclosure alleges two counts against Wells Fargo and seeks to set aside the foreclosure of – and quiet title in Shunatona's name to – real property located at 11215 Sesame Street, Dallas, Texas 75288 (the "Property") as well as to affirm Shunatona's ownership of certain funds currently held by the Texas Comptroller and award damages to Shunatona. *See id.*

Wells Fargo filed an answer and then removed the case to this Court on June 22, 2016 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. Nos. 1 & 1-9.

Shunatona has now filed the combined Motions for Leave to Amend, Dismiss Claim, Enter Stipulation, Abate and Vacate Orders, and Remand to State Court, explaining that his proposed First Amended Complaint "omits the first cause of action in Mr. Shunatona's original petition and restates its second cause of action" and that "[o]ne effect of this amendment will be to eliminate this court's diversity jurisdiction since the amount in controversy in the First Amended Complaint is less than half of the $75,000 jurisdictional minimum for diversity cases." Dkt. No. 15 at 1. Shunatona contends that to meet the Section 1332 amount-in-controversy requirement, "Wells Fargo relied in its Notice of Removal solely on the fact that the first cause of action in the suit was a claim that the foreclosure of Mr. Shunatona's home was unlawful." *Id.* at 2. "Shunatona moves to amend his complaint to remove this cause of action and

requests that the court dismiss that claim with prejudice," where, according to Shunatona, "[t]he undisputed facts are that on February 5, 2008, Mr. Shunatona's homestead was foreclosed on, selling the property to the Federal Home Loan Mortgage Corporation for $302,188.02." *Id.* Shunatona now contends that, while "there are several ways of looking at this first cause of action, but however construed, it is barred by the statute of limitations" and that he "can conceive of no cause of action regarding the foreclosure, however phrased, which would not be barred limitations." *Id.* at 3.

"That being the case, Mr. Shunatona moves to amend his complaint to remove his first cause of action. In order to dispel any notion that he is attempting to lay behind the log and will at some future time spring this claim on Wells Fargo or some other unsuspecting defendant, Mr. Shunatona also moves that the court dismiss this claim with prejudice." *Id.*

According to Shunatona, "[t]he sole remaining cause of action in the First Amended Complaint is a declaratory and injunctive action to decide who is entitled to certain funds held by the Comptroller of Public Accounts for Unclaimed Property," where "[t]hose funds derive from unclaimed checks made out jointly to Mr. Shunatona and Wells Fargo for fire damage to the House in 2006. The total amount of the checks is $35,853.79." *Id.* at 3-4. Shunatona explains that, if the motion is granted, he "is willing to stipulate that he will not under his claim regarding funds held by the Texas Comptroller seek damages in excess of $75,000 (inclusive of costs and attorneys' fees)" and that "[h]e presently knows of no other claim that he has against Wells Fargo." *Id.* at 4. Citing 28 U.S.C. § 1447(c), Shunatona contends that, "[s]ince the $75,000

jurisdictional minimum is no longer met, this case must be remanded to state court." *Id.*

Finally, Shunatona explains that, where, "[o]n June 22, 2016, the court issued an Order Requiring 26(f) Report and Setting 16(b) Conference and on July 26, 2016 an Initial Scheduling Order," he "requests that both these orders and any compliance under those orders be abated while the court considers these motions and be thereafter vacated if they are granted." *Id.*

Wells Fargo responds that "[t]his Court has subject matter jurisdiction over the claims asserted in this action based on diversity jurisdiction under 28 U.S.C. § 1332"; that "[t]here is complete diversity among the parties and the amount in controversy exceeds $75,000"; and that "Plaintiff has not presented any credible challenge to this Court's subject matter jurisdiction over this action that would warrant remand" but is instead "seeking to amend his Petition and dismiss his claim for unlawful foreclosure in order to remand the case to state court." Dkt. No. 20 at 1. Where Shunatona "seeks to amend his Petition, dismiss his claim for unlawful foreclosure and quiet title, stipulate that he is seeking damages in an amount less than $75,000, and have the lawsuit remanded to state court," Wells Fargo insists that the motion to remand to state court should be denied because, "in determining whether to remand this matter, this Court should review the Complaint for federal jurisdiction at the time of removal" and "should not remand this case to state court and tolerate Plaintiff's transparent ploy at forum manipulation." *Id.* at 2.

Shunatona replies that, once the Court grants the requested leave to amend and

for voluntary dismissal, his "sole active claim will not and, by the terms of the stipulation cannot exceed the $75,000 statutory minimum for diversity jurisdiction under 28 U.S.C. §1332(a)," and "[t]he court would no longer have subject matter jurisdiction in this case and must remand under 28 U.S.C. §1447(c)." Dkt. No. 21.

## Legal Standards and Analysis

<u>Motions for Leave to Amend, Dismiss Claim, and Enter Stipulation</u>

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2).").

When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the

importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)). If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536.

When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d

314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile"); *see also Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (a court may "refuse leave to amend if ... the complaint as amended would be subject to dismissal") (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009); internal quotation marks omitted)).

As for voluntary dismissal of a claim, Federal Rule of Civil Procedure 41(a) provides:

> (a) Voluntary Dismissal.
> (1) By the Plaintiff. (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a). Here, Wells Fargo has answered, *see* Dkt. 1-9, and no stipulation of dismissal signed by all parties has been filed. Voluntary dismissal without a court order under Rule 41(a)(1) is therefore unavailable.

The United States Court of Appeals for the Fifth Circuit has recently

summarized the governing law for Rule 41(a)(2) voluntary dismissals:

> Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that after a defendant files an answer or a motion for summary judgment "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Voluntary dismissals "should be freely granted," but a plaintiff's request will not be allowed if "the non-moving party will suffer some plain legal prejudice." Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense. The "primary purpose" of this rule is to avoid "voluntary dismissals which unfairly affect the other side."
>
> For example, if a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." On the other hand, plain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense. If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. The latter course may include dismissing the suit with prejudice.

*Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (citations omitted).

Shunatona seeks leave to file his First Amended Complaint and proposes to dismiss with prejudice the first cause of action alleged in his state-court petition. Wells Fargo does not oppose this request or the request to enter a stipulation but does oppose the accompanying request to remand the case to state court for lack of subject-matter jurisdiction.

For the reasons explained below, the amendment and voluntary dismissal will not affect the Court's jurisdiction over this case, but, in the absence of any opposition by Wells Fargo or suggestion of plain legal prejudice, the Court should permit

Shunatona to file his First Amended Complaint, voluntarily dismiss with prejudice the first cause of action alleged in his state-court petition, and enter his proposed stipulation.

Motion to Remand to State Court

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In diversity cases under 28 U.S.C. § 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Failure to allege adequately the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2). That is, if no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See id.*; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th

Cir. 2002). "'The removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.... The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); emphasis removed). And, "once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint" or "to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar*, 47 F.3d at 1411-12.

"[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.").

"[W]hen a defendant's assertion of the amount in controversy is challenged," "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 554; *accord A&C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-0429-D, 2016 WL 3194332, at *2 (N.D. Tex. June 9, 2016).

Pursuant to the complete diversity requirement, the Court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Wells Fargo removed this case under Section 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1. Shunatona concedes that "the parties are clearly diverse," Dkt. No. 15 at 1, and Wells Fargo has established the required complete diversity of citizenship, *see* Dkt. No. 1.

Shunatona does not dispute that Wells Fargo established an amount in controversy that exceeds 28 U.S.C. § 1332(a)'s threshold requirement based on his Original Petition, and the undersigned concludes that Wells Fargo did so, where, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation" and where, "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value

of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341(5th Cir. 2013) (internal quotation marks omitted); *see also* Dkt. No. 20 at 4. However understood, Shunatona's first cause of action "seeks to cancel the foreclosure sale and establish his ownership of the Property, and as a result, the entire value of the Property is squarely at issue," which Wells Fargo has shown to exceed the $75,000.00 minimum. Dkt. No. 1 at 5; Dkt. No. 1-10.

This is not changed by Shunatona's proffering that his first cause of action in his Original Petition is meritless based on the statute of limitations. "The issue before the court is not whether [Shunatona's] claims would survive a dispositive motion; instead, the issue is whether the jurisdictional amount is satisfied given the assumption that Plaintiff would succeed on his claims." *Hoffman v. State Farm Fire & Cas. Co.*, Civ. A. No. 15-309-JWD-RLB, 2015 WL 9581413, at *5 n.9 (M.D. La. Dec. 4, 2015), *rep. & rec. adopted*, 2015 WL 9480463 (M.D. La. Dec. 29, 2015); *accord Berniard v. Dow Chem. Co.*, 481 F. App'x at 862. Arguments that go the merits of Shunatona's claims and Wells Fargo's defenses "are irrelevant to the issue of whether [Defendant has] established that the required amount in controversy has been met." *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (citing *Anderson v. Moorer*, 372 F.2d 747, 750 (5th Cir. 1967)). "[W]hen determining the amount in controversy for diversity purposes, a federal court need not pre-try the sufficiency of the plaintiff's complaint. Subject matter jurisdiction is not defeated by the possibility that the complaint ultimately fails to state a claim," and "there is no inconsistency in the district court's action of denying remand and then

dismissing [plaintiff's] claims," where "[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which [plaintiff] could actually recover." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) (internal quotation marks omitted). As such, "the Court may not consider defenses such as statutes of limitations in determining the amount in controversy." *McPeters v. LexisNexis*, Civ. A. No. H-11-2056, 2011 WL 2434088, at *3 (S.D. Tex. June 10, 2011) (citing *Johns-Manville Sales Corp. v. Mitchell Enterps., Inc.*, 417 F.2d 129, 131 (5th Cir. 1969)); *accord St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (explaining that "the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand" (footnote omitted)); *Seafoam, Inc. v. Barrier Sys., Inc.*, 830 F.2d 62, 66 (5th Cir. 1987) ("It is well established law that the jurisdiction of a federal court sitting in diversity is determined as of the time of filing of the complaint. Subsequent events such as a bar by a statute of limitations raised as a defense will not serve to deprive the court of jurisdiction. If a statute of limitations reduces the amount claimed to an amount lower than the jurisdictional minimum, the district court still has jurisdiction to adjudicate the rest of the claim." (citations omitted)).

But Shunatona asserts that, once leave to amend is granted and his first cause of action is dismissed with prejudice, the $75,000 jurisdictional minimum will no longer be met, and the case must be remanded to state court. He further offers that he "is

willing to stipulate that he will not under his [only remaining] claim regarding funds held by the Texas Comptroller seek damages in excess of $75,000 (inclusive of costs and attorneys' fees)." Dkt. No. 15 at 4.

None of this provides a basis to remand to state court for lack of subject-matter jurisdiction.

The court looks "only to the face of the complaint" and asks "whether the amount in controversy exceeds the jurisdictional limit." *Ervin v. Sprint Commc'ns Co. LP,* 364 F. App'x 114, 117 (5th Cir. 2010) (internal quotation marks omitted); *see also Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995). Jurisdictional facts are determined "as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). That is, in the context of removal, "[t]he jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). This follows from the "long-established general rule, holding that jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction." *La. v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

Under this general rule, "most post-removal developments – amendment of pleadings to below jurisdictional amount or change in citizenship of a party – will not divest the court of jurisdiction." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987); *accord GlobeRanger Corp. v. Software Ag U.S. of Am., Inc.,* ___ F.3d ___, No.

15-10121, 2016 WL 4698270, at *6 (5th Cir. Sept. 7, 2016) ("Before delving into *GlobeRanger I*, we begin with some basic principles of federal jurisdiction that inform our reading of it. First is the 'fundamental principle' that jurisdiction is determined based on the time of removal. This removal rule is a corollary of the 'time-of-filing rule' that governs jurisdictional determinations for cases originally filed in federal court. A rule of 'hornbook law,' the time-of-filing rule traces at least as far back as an 1824 Supreme Court case holding that jurisdiction depends upon the state of things at the time of the action brought. Both the time-of-filing and time-of-removal rule make sense. It would be inefficient for the court, as well as for litigants, if the power of the court to decide a case could exist at the outset, but later disappear based on changed circumstances." (internal quotation marks and citations omitted)); *Anderson v. Dow Chem. Co.*, 255 F. App'x 1, 3 (5th Cir. 2007) ("[I]t is well established that, with few exceptions, diversity jurisdiction is determined as at the time an action is filed; an amendment to the complaint or stipulation reducing the amount in controversy does *not* divest a federal court of such jurisdiction." (emphasis in original)). As such, "though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul*, 303 U.S. at 292 (footnote omitted).

Shunatona asserts that this holding by the United States Supreme Court has been overruled by the 1988 amendments to 28 U.S.C. § 1447(c) – which now states that, "[i]f at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded" – as explained by *Goodman v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1083, 1084-85 (M.D. Tenn. 1997).

But this Court is bound by decisions of the Supreme Court and the Fifth Circuit, which, as laid out extensively above and below, continue to follow the rule pressed by Wells Fargo in the face of Section 1447(c)'s command. *See Spong v. Fid. Nat. Prop. & Cas. Ins. Co.*, 787 F.3d 296, 305 (5th Cir. 2015). The Fifth Circuit has stated that "§ 1447(c) cannot be read to overrule the repeatedly expressed view that changes after removal cannot eliminate jurisdiction and require remand." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 n.4 (5th Cir. 1996); *accord Larco Towing, Inc. v. Newpark Drilling Fluids, LLC*, No. Civ. A. 09-2928, 2010 WL 152083, at *1 (E.D. La. Jan. 13, 2010) ("As argued by Defendant Newpark Drilling Fluids, LLC, post-removal stipulations may be considered in support of remand only under limited circumstances. Specifically, if the amount in controversy reflected in the state-court petition is ambiguous *at the time of removal*, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy *as of the date of removal*. If the amount in controversy, however, is clear from the face of the state court petition, as it undisputedly is here, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. Nor does the remand provision set forth in 28 U.S.C. § 1447(c) authorize remand under such circumstances." (citations omitted; emphasis in original)). And the Supreme Court itself has noted and discussed that specific statutory command and yet repeated its long-standing rule that, in "cases in which a *later* event, say, the change

in the citizenship of a party or a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction," "a federal court will *keep* a removed case." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391-92 (1998) (emphasis in original); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 n.1 (2007) (explaining that "we do not suggest that the question whether removal is proper is *always* different from the question whether the district court has subject-matter jurisdiction, for the two are often identical in light of the general rule that postremoval events do not deprive federal courts of subject-matter jurisdiction" (emphasis in original)).

Notably, the Tennessee district court decision on which Shunatona relies has been abrogated by the United States Court of Appeals for the Sixth Circuit, which explained that "this circuit has already rejected the notion that the 1988 amendment to § 1447(c) directs district courts to look beyond the time of removal in deciding remand motions based on lack of jurisdiction." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 873 (6th Cir. 2000); *see also Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1289-91 (11th Cir. 2000) ("We join our sister Circuits and conclude the amendments to § 1447(c) did not alter the fact that, in this case, the district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction. In this case, Appellees amended their complaint after the case was removed to the district court. The district court thus erred in relying on the amended complaint to conclude

the parties did not meet the amount in controversy requirement." (footnote omitted)), overruled in part on other grounds in *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640-41 (11th Cir. 2007).

Accordingly, post-removal declarations are generally not a part of determining an amount in controversy. *See Ford v. United Parcel Serv., Inc. (Ohio),* No 3:14-cv-1872-D, 2014 WL 4105965, at *4 (N.D. Tex. Aug 21, 2014). They can only be considered if the jurisdictional amount was ambiguous on the face of the state petition or at the time of removal. *See Gebbia,* 233 F.3d at 883; *St. Paul Reinsurance Co.,* 134 F.3d at 1254 n.18. If the state-court petition on its face satisfies the amount-in-controversy requirement, a plaintiff's later attempt to "clarify the amount in controversy cannot divest jurisdiction." *Robinson v. Wal Mart Stores Tex., LLC.,* 561 F. App'x 417, 418 (5th Cir. 2014); *accord Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993) ("In cases in which, on the other hand, the plaintiff, by whatever means, seeks to reduce, rather than clarify, his demand after removal, the plain language of *St. Paul Mercury* [*Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938),] and the rationale of [*Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia v. Dow Química de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993),] unequivocally bar remand for want of jurisdictional amount.").

Here, Shunatona does not even assert ambiguity in the Original Petition. Rather, he seeks to affirmatively dismiss a cause of action and require remand to state court due to the resulting amount-in-controversy based on the post-removal amended complaint.

But, "[t]o determine whether jurisdiction is present for removal, [the court] consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. And, "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia*, 233 F.3d at 883; *accord Jefferson v. Certain Underwriters at Lloyd's London*, ___ F. App'x ___, No. 15-30211, 2016 WL 4487638, at *2 (5th Cir. Aug. 25, 2016) (noting "the venerable rule that the jurisdiction of the court depends upon the state of things at the time of the action brought," which "clearly applies, for example, ... to post-removal diminutions of the amount in controversy" (internal quotation marks and footnotes omitted)).

That is, "[o]nce the district court [has] found that it had jurisdiction, the jurisdiction is deemed to have vested in the court at the time of removal. An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction." *Allen*, 63 F.3d at 1336; *see also Gebbia*, 233 F.3d at 883 ("if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."). "Although [Shunatona has] attempted to reduce the amount in controversy through the [First] Amended [Complaint], post-removal amendments do not destroy this Court's removal jurisdiction." *Omutiti v. Macy's Dep't Store*, Civ. A. No. H-15-2167, 2015 WL 5311063, at *2 (S.D. Tex. Sept. 11, 2015); *accord Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995) (explaining that "a plaintiff cannot defeat removal by

[subsequently] changing his damage request" and "attempt[ing] instead to amend away the basis for federal jurisdiction," where "removal jurisdiction should be determined on the basis of the state court complaint at the time of removal, and that a plaintiff cannot defeat removal by amending it" (emphasis removed)); *Ragas v. Ford Leasing Dev. Co.*, Civ. A. No. 96-1919, 1998 WL 2851, at *1 (E.D. La. Jan. 5, 1998) ("Thus, a plaintiff cannot defeat removal by changing his damage request after removal if the requisite amount in controversy exists at the time of removal.").

Post-removal dismissal of a claim likewise does not affect the Court's jurisdiction under Section 1332. "[I]t is well settled that the post-removal dismissal of claims does not oust a federal court's jurisdiction, even if it reduces the amount recoverable below the jurisdictional amount." *Drago v. Sykes*, Civ. A. No. 13-563, 2014 WL 272150, at *2 (E.D. La. Jan. 23, 2014) (citing cases); *accord Watson v. Shell Oil Co.*, 979 F.2d 1014, 1021-22 (5th Cir. 1992) (explaining that "the amount claimed in good faith by initial pleadings controls the question of amount in controversy," that "subsequent events generally will not deprive the federal court of its jurisdiction," and that, a "dismissal by summary judgment of one of plaintiff's claims as time barred did not warrant dismissal of the other for lack of subject matter jurisdiction, even though the remaining claim was for less than the jurisdictional amount" (footnotes omitted)), *on reh'g*, 53 F.3d 663 (5th Cir. 1994); *cf. GlobeRanger*, 2016 WL 4698270, at *8 (explaining that, where "a federal claim fails at the Rule 12(b)(6) stage, is found to lack evidentiary support at the summary judgment stage, or is voluntarily dismissed," "the court no longer has federal question jurisdiction over any pending claim, but the presence of the

federal claim at the outset of the case supports supplemental jurisdiction over the remaining state claims").

Neither can a post-removal stipulation such as Shunatona offers here divest the Court of diversity jurisdiction, because "'[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, [*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)], makes later filings irrelevant.'" *De Aguilar*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)). "The plaintiff cannot manipulate the amount in controversy by changing his demand, including filing a stipulation, after removal." *Ragas*, 1998 WL 2851, at *2. "[A] postremoval stipulation cannot change the amount in controversy, but can serve to clarify it when the amount in controversy is ambiguous." *B Dubs, LLC v. Scottsdale Ins. Co.*, Civ. A. No. 15-65-JWD-RLB, 2015 WL 3651014, at *6 (M.D. La. June 11, 2015).

Accordingly, Shunatona's post-removal amendment and voluntary dismissal with prejudice and offered stipulation do not deprive the Court of diversity jurisdiction.

<u>Motion to Abate and Vacate Orders</u>

Because this Court has subject-matter jurisdiction over this case, there is no basis to abate or vacate the Court's Initial Scheduling Order [Dkt. No. 13], even if Wells Fargo did not object to that request.

## Conclusion

The Court should grant Plaintiff Paul Shunatona's Motions for Leave to Amend, to Dismiss Claim, and to Enter Stipulation [Dkt. No. 15] and deny his Motions to Abate

and Vacate Orders and Remand to State Court [Dkt. No. 15]. More specifically, the Court should grant leave for Shunatona to amend his Original Petition, as filed in state court, and order the Clerk of the Court to file the First Amended Complaint, as included on the docket at Dkt. No. 15-1, as Shunatona's active pleading in this case; should dismiss with prejudice Shunatona's wrongful foreclosure claim against Defendant Wells Fargo Bank, National Association, as stated as the first cause of action in Shunatona's Original Petition [Dkt. No. 1-5]; and should accept Shunatona's stipulation that he will not in his remaining claim, a claim for funds held by the Texas Comptroller, seek damages in excess of $75,000 (inclusive of costs and attorneys' fees). But, for the reasons explained above, the Court should deny the Motion to Remand, retain its subject- matter jurisdiction over this action, and deny Plaintiff's request to vacate the Order Requiring 26(f) Report and Setting 16(b) Conference [Dkt. No. 6] and the Initial Scheduling Order [Dkt. No. 13].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 12, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE