IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL SHUNATONA, § § Plaintiff, § § V. § § WELLS FARGO BANK, NATIONAL § ASSOCIATION, § § Defendant. § | No. 3:16-cv-1694-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Plaintiff Paul Shunatona has filed a motion to amend the complaint to add a nondiverse party whose joinder would destroy subject matter jurisdiction. *See* Dkt. No. 31. Defendant Wells Fargo Bank, National Association, has filed a response opposing amendment, *see* Dkt. No. 36, and Shunatona has filed a reply, *see* Dkt. No. 37.

The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that Plaintiff Paul Shunatona's Motion to Amend Complaint [Dkt. No. 31] should be denied.

**Background**

This is a lawsuit to determine who is entitled to funds held by the Texas Comptroller of Public Accounts for Unclaimed Property.

Paul Shunatona's homestead residence was damaged by fire on December 23, 2006. He repaired fire damage to the house and made a claim under his homeowner's policy with State Farm. In December 2006 and January 2007, State Farm issued three checks in the total amount of $35,853.79. The checks were payable jointly to Shunatona and Wells Fargo, the owner and servicer of the mortgage note. Shunatona did not receive the checks.

Wells Fargo foreclosed on the property on February 5, 2008. The Substitute Trustee sold the property to the Federal Home Loan Mortgage Corporation for $302,188.02, which Shunatona contends was the full amount owed to Wells Fargo on its mortgage note.

On March 12, 2009, State Farm stopped payment on the checks, because they had not been negotiated, and then reissued them, again payable jointly to Shunatona and Wells Fargo. Shunatona did not receive the checks.

One or two years ago, Shunatona discovered that the checks were being held by the Texas Comptroller of Public Accounts for Unclaimed Property. Because they were issued jointly to Shunatona and Wells Fargo, Shunatona needed Wells Fargo to assign its interest to him, using assignment forms provided by the Comptroller. Wells Fargo refused.

Shunatona filed this case against Wells Fargo in Dallas County state court on May 16, 2016. *See* Dkt. No. 1-5. Wells Fargo filed an answer and then removed the case to this Court on June 22, 2016 on the basis of diversity jurisdiction under 28 U.S.C. §

1332. *See* Dkt. Nos. 1 & 1-9.For diversity purposes, Shunatona is citizen of Texas, and Wells Fargo is a citizen of South Dakota. *See* Dkt. No. 1.

After removal, Shunatona sought leave to amend the state court petition. *See* Dkt. No. 15.In addition to omitting a wrongful foreclosure claim, Shunatona asserted that, because the amount in controversy was less than $75,000, this court did not have diversity jurisdiction and the case should be remanded to state court.

While the motion was pending, the Court modified the scheduling order "to provide that the deadline to file motions for leave to amend pleadings is extended to and including the 14th day after the date on which the Court enters an order accepting or rejecting the Findings, Conclusions, and Recommendation ['FCR'] of the United States Magistrate Judge." Dkt. No. 27.

The undersigned concluded that the Court has subject matter jurisdiction and recommended that the motion for leave to amend be granted. The undersigned also recommended that the Court should accept Shunatona's stipulation that he will not seek damages in excess of $75,000. *See* Dkt. No. 22.

On September 27, 2016, Chief Judge Lynn entered an order accepting the FCR and, pursuant to the Chief Judge's order, the clerk filed Shunatona's amended complaint. *See* Dkt. Nos. 29 & 30.

In the First Amended Complaint, Shunatona sued Wells Fargo seeking a declaration that Wells Fargo has no interest in the funds held by the Texas Comptroller and an order requiring Wells Fargo to assign its interest in those funds to Shunatona. *See* Dkt. No. 30.

On October 10, 2016, Shunatona filed a motion to amend the complaint to add the State of Texas, specifically, the Unclaimed Property Division of the Office of the Texas Comptroller of Public Accounts, as a defendant. Shunatona contends that complete relief cannot be obtained without joinder of the State of Texas and that the State of Texas will not be bound by any judgment from this court if it is not a party. The only difference in the claims asserted in the amended complaint and the proposed Second Amended Complaint is that, in addition to seeking a declaration that Wells Fargo has no interest in the funds held by the Texas comptroller and an order requiring Wells Fargo to assign its interest in the funds to Shunatona, Shunatona also seeks an order requiring the State of Texas to deliver the funds to Shunatona. *See* Dkt. No. 31-1.

Shunatona argues that joinder of the State of Texas will destroy diversity jurisdiction, and he requests that the Court either permit the amendment and remand the case or dismiss the case with prejudice for non-joinder. *See id.*

Wells Fargo opposes the amendment and argues that Shunatona is attempting to manipulate the forum by the post-removal joinder of an unnecessary, non-diverse party. *See* Dkt. No. 36.

The undersigned now concludes that the motion to amend should be denied.

**Legal Standards**

Federal Rule of Civil Procedure 15(a)(2) generally governs when a court may allow a party to amend its pleading, and it provides that "court[s] should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). But the Court has greater

4

discretion to grant or deny joinder when a plaintiff seeks to join a nondiverse party after removal. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

In deciding whether to permit the joinder of a nondiverse defendant after removal, the courts in the Fifth Circuit consider four factors, as outlined in *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987): (1) the extent to which the purpose of the amendment is to defeat diversity jurisdiction, (2) whether the plaintiff has been dilatory in asking to amend, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other special equitable factors.

Courts use these factors to balance the plaintiff's interest in avoiding parallel litigation in state and federal court with the defendant's interest in being in a federal forum. *See id.* According to the Fifth Circuit in *Hensgens*, the four factors better balance these competing interests than does determining joinder based on a "rigid distinction of whether the proposed added party is an indispensable or permitted party." *Id.* District courts in the Fifth Circuit apply this four-factor test in deciding whether to allow joinder. *See, e.g.*, *Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, No. 3:15-cv-1336-M, 2015 WL 4629681, at *2 (N.D. Tex. Aug. 4, 2016) (citing cases).

**Analysis**

I.  Purpose of the Amendment

The first *Hensgens* factor – whether Shunatona's primary purpose in seeking to amend is to defeat diversity jurisdiction – weighs heavily in favor of denying the motion.

"[W]hen deciding whether the primary purpose of an amendment is to defeat diversity, courts take into account whether the plaintiff 'knew or should have known the identity of the nondiverse defendant when the state court complaint was filed.'" *Id.* (quoting *Priester v. Long Beach Mortgage Co.*, No. 4:10-cv-641, 2011 WL 6116481, at *2 (E.D. Tex. Dec. 8, 2011), *aff'd sub nom Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013) (citing *Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006)). If the plaintiff did not know the nondiverse defendant's identity at the time the complaint was filed, it is less likely that the plaintiff is joining the nondiverse defendant to destroy diversity. *See id.* (citations omitted).

But, if the plaintiff knew of the nondiverse defendant from the outset and chose to exclude it from the original pleading, the court "'views this fact with much suspicion.'" *Id.* (quoting *O'Connor v. Automobile Ins. Co. Of Hartford, Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994)). "Courts have considered this knowledge very relevant." *Id.*; *see also Anzures v. Prologis Tex.*, 886 F. Supp. 2d 555, 564 (W.D. Tex. 2012) (explaining that the plaintiff's "clear desire to litigate this case in state court, coupled with the fact that Plaintiff has known of [nondiverse Defendant]'s identity and role in

6

this case since the beginning ... trump the fact that the Proposed Amended Complaint asserts cognizable claims against [nondiverse Defendant.]").

Likewise, where a plaintiff "'seek[s] to add a nondiverse defendant shortly after removal, but prior to any additional discovery, [that] is further indication that the amendment is sought for the purpose of defeating diversity.'" *Id.* (quoting *Martinez v. Holznecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010)). "However, if it is clear that the plaintiff sought to include the defendant in the litigation from the beginning, then an amendment sought shortly after removal is not probative of a plaintiff's intent to defeat diversity." *Id.* (citations omitted).

Here, Shunatona has known of the State of Texas since the filing of the original petition in state court on May 16, 2016. Indeed, the very purpose of the lawsuit is to obtain funds currently held by the Unclaimed Property Division. In his original petition, Shunatona asserted a claim against Wells Fargo for recovery of the funds that had "laps[ed] into the State." Dkt. No. 1-5 at 4.

Shunatona's pleadings also demonstrate a pattern of seeking to avoid federal court jurisdiction. The case was removed on June 22, 2016. *See* Dkt. No. 1. On August 4, 2016, Shunatona sought leave to amend the complaint to allege an amount in controversy below the $75,000 jurisdictional minimum for diversity case. *See* Dkt. No. 15 at 1. Shunatona argued that "[o]ne effect of this amendment will be to eliminate this court's diversity jurisdiction." *Id.* But, because the amount in controversy is determined at the time of removal for jurisdictional purposes, the Court determined that

Shunatona's post-removal amendment alleging an amount in controversy below $75,000 did not divest the court of subject matter jurisdiction. *See* Dkt. Nos. 22 & 29.

The Court also granted leave to file the amended complaint, *see* Dkt. No. 29, and Shunatona's amended complaint was filed on September 27, 2016. *See* Dkt. No. 30. In his First Amended Complaint, Shunatona alleges that "a year or two ago" he became aware that the Comptroller of Public Accounts for Unclaimed Property was holding the insurance funds, and in his sole claim Shunatona seeks a declaration that "Wells Fargo has no interest in the funds held by the Texas Comptroller" and an order requiring "Wells Fargo to assign its interest in those funds to Mr. Shunatona." Dkt. No. 30 at 2-3.

On October 10, 2016, Shunatona filed another motion for leave to amend, this time to add a nondiverse party. *See* Dkt. No. 31. In the proposed Second Amended Complaint, Shunatona states that "[t]his court does not have diversity jurisdiction since the amount in controversy is significantly less than the requisite $75,000 and because there is not complete diversity among the parties." Dkt. No. 31-1 at 1. The sole claim is amended to add a request for an order requiring the State of Texas to deliver the funds to Shunatona. *See id.* at 31-3.

When examining the first *Hensgens* factor, courts consider the validity of the claims against the nondiverse defendant: When a plaintiff states a potentially viable claim against the nondiverse defendant it seeks to join, the plaintiff's principal purpose is not deemed to defeat diversity jurisdiction. *See Andrews Restoration,* 2015 WL 4629681, at *2 (citations omitted). "On the other hand, if the claims against the

8

nondiverse defendant are not viable, this factor clearly weighs in favor of denying joinder." *Id.* (citations omitted).

In the proposed Second Amended Complaint, Shunatona makes no factual allegations concerning "the State of Texas" and, other than inserting a sentence stating where the State of Texas may be served with citation, the only other mention is that the Court "should further order the State of Texas to deliver those funds to Mr. Shunatona." Dkt. No. 31-1.

Shunatona argues that the Court "cannot accord complete relief among the existing parties" if the State of Texas is not joined as a party because "[t]here is no guarantee that the State will feel itself bound by a judgment in a case to which it has not been a party. It may well be that the State has its own interests with respect to these assets which present a barrier to the effectiveness of any decision rendered by this court. Without the presence of the State as a party, one cannot know what those interests might be." Dkt. No. 31 at 2 (citing FED. R. CIV. P. 19(a)(1)(A) ("A person who is subject to service or process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if ... in that person's absence, the court cannot accord complete relief among existing parties.")).

Shunatona then argues that the case should be dismissed for non-joinder under Federal Rule of Civil Procedure 19(b)(4) because he "will have an adequate remedy if this case is dismissed for non-joinder, since he can refile his case in the state courts of Texas with all necessary parties joined." Dkt. No. 31 at 2 (quoting FED. R. CIV. P. 19(b)(4) ("If a person who is required to be joined if feasible cannot be joined, the court

9

must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include...whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.")).

The undersigned concludes that Shunatona's claim against the State of Texas is not plausible. In his proposed amendment, Shunatona alleges only that the State of Texas is the holder of unclaimed funds, and, in his motion for leave, he speculates that the State may have some interest in the funds. But he also states that the State of Texas provided assignment forms to him for use in obtaining Wells Fargo's interest in the funds.

A court in this district has held in a similar case that a party is not indispensable whose only obligation is to pay over the amount deposited with it once it ascertained which of the competing parties was entitled to the disputed sum. *See Pesch v. First City Bank of Dallas*, 637 F. Supp. 1530, 1536-37 (N.D. Tex. 1986) (citing *Salem Trust Co. v. Mfr's Fin. Co.*, 264 U.S. 182, 190 (1924)). Accordingly, a depositary or stakeholder is a nominal party whose joinder will not defeat the federal court's subject matter jurisdiction. *See id.*

II.  Dilatoriness

The second *Hensgens* factor relates to the timing of the proposed joinder, and there is no set timetable for when a proposed amendment reflects dilatoriness. *See Andrews Restoration*, 2015 WL 4629681, at *6. Although courts generally find that a plaintiff "is not dilatory in seeking to amend a complaint 'when no trial or pre-trial

10

dates were scheduled and no significant activity beyond the pleading stage has occurred,'" the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction. *Gallegos v. Safeco Ins. Co. of Ind.*, No. Civil Action No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (quoting *Smith v. Robin Am., Inc.,* Civil Action No. H-08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009)).

Shunatona filed his original petition in state court on May 16, 2016, and the case was removed on June 22, 2016, but Shunatona waited until October 10, 2016 to file his motion for leave to file a second amended complaint to add a nondiverse party. Under the circumstances of this case, Shunatona was dilatory in seeking to add the State of Texas as a party, and the second *Hensgens* factor weighs in favor of denying the motion.

### III.   Injury to Shunatona

In considering the third *Hensgens* factor – whether the plaintiff would be prejudiced by denying leave to amend – courts consider whether the already named diverse defendant would be unable to satisfy a future judgment and to whether the plaintiff could recover against the proposed nondiverse defendant. Some courts analyze whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings, or because such proceedings would place a financial burden on the plaintiff. *See id.* (citations omitted).

11

Shunatona does not seek money damages from Wells Fargo, and there is no indication that Wells Fargo would be unable to comply with the declaratory relief sought. Neither is there any indication that the State of Texas would be unable or unwilling to divest itself of the unclaimed funds once the ownership of those funds is determined.

The third *Hensgens* factor weighs in favor of denying the motion.

IV.    Equitable Factors

The final *Hensgens* factor requires this court to analyze other equitable factors. Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum, *see, e.g.*, *Smith,* 2009 WL 2485589, at *6, and whether denying leave to amend would result in parallel state court proceedings, *see Tomlinson*, 2006 WL 1331541, at 6 (citing *Hensgens*, 833 F.2d at 1182), these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant, *see Gallegos*, 2009 WL 4730570, at *5. Because neither party points to additional equitable factors beyond these considerations, the fourth *Hensgens* factor is neutral.

V.    Final Analysis

Considering the *Hensgens* factors, the undersigned concludes that the proposed amendment is primarily for the purpose of defeating federal subject matter jurisdiction. Shunatona has known that the funds were being held by the State of Texas since the inception of this suit, and the express purpose of the lawsuit is to obtain those funds from the State. Shunatona sought leave to amend to add the State

12

of Texas as a nondiverse party only after his attempt to amend to allege an amount in controversy below the $75,000 jurisdictional minimum failed, and he waited almost five months after filing his original petition in state court and three-and-one-half months after remand to do so. Shunatona does not state a cognizable claim against the State of Texas, and, according to his pleadings, the State of Texas is merely the holder of the funds.

## Recommendation

Plaintiff Paul Shunatona's Motion to Amend Complaint [Dkt. No. 31] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 2, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE